**William Albert McDONALD,**
**Plaintiff-Appellant,**

v.

**Dodd MILLER et al.,**
**Defendants-Appellees.**

No. 78–3486
**Summary Calendar.** *

United States Court of Appeals,
Fifth Circuit.

June 8, 1979.

Rehearing Denied July 10, 1979.

Thomas H. Hight, Sr., Dallas, Tex., for plaintiff-appellant.

Ronald E. Deutsch, Asst. City Atty., Lee E. Holt, City Atty., Dallas, Tex., for defendants-appellees.

---

**3.** 29 U.S.C. §§ 623 *et seq.*

* 5th Cir.R. 18. *See Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 431 F.2d 409, 410–414 (5th Cir. 1970).

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

William Albert McDonald, a former Dallas fireman, filed suit in district court challenging the constitutionality of department and city regulations under which he was fired. Following a nonjury trial, judgment was entered for defendant. We affirm.

In addition to his job as fireman McDonald was the proprietor of a business prophetically called the Dallas Fence Company. His troubles began when a confessed burglar identified McDonald as the purchaser of $3,400.00 worth of stolen merchandise which the burglar said he sold to McDonald for $370.00. According to the burglar, when McDonald purchased the merchandise it still had tags on it from the burgled store. He said that he sold the property to McDonald at the burglar's apartment and that he saw McDonald attempting to obliterate identifying numbers from it.

Dallas police went to McDonald's store where they found the stolen merchandise. McDonald claimed, however, that he did not know that the merchandise was stolen. He was given a polygraph examination which indicated that his claim of innocence was untrue. He was discharged by the Fire Chief, and after a hearing his discharge was upheld by the city's Civil Service Trial Board.

McDonald contends in this court as in the court below that the regulations under which he was discharged are unconstitutionally vague. The provisions in question are Articles 7.3(2) and 7.5(A)4, 5 and 9 of the Fire Department Rules, Regulations and Procedures and the City of Dallas Personnel Rule 7.4, set out in the margin.[1]

The district court rejected McDonald's contention on the basis of the rule of *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974) that "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." McDonald was accused of purchasing and/or possessing stolen property. The evidence supports a finding that he did so knowing that the property was stolen. Such conduct constitutes a clear violation of the explicit provisions of the regulations in question. We conclude that *Parker v. Levy* was correctly applied.

AFFIRMED.

---

**1.** Fire Department Rules, Regulations and Procedures

ARTICLE 7.3

All Members shall:

2. Refrain from committing any act which might bring discredit upon the Department or its members.

ARTICLE 7.5 Offenses are punishable by reprimand, reduction in rank, suspension or dismissal.

A. Offenses

4. Conduct unbecoming a member of the Fire Department.

5. Conduct prejudicial to good order.

9. Violation of any of the Rules, Regulations and Procedures of the Fire Department; Civil Service Rules and Regulations; City Charter; City Ordinances; Personnel Rules and Regulations of the City of Dallas; and County, State or Federal Laws.

Personnel Rules of the City of Dallas

Rules of Conduct

7.4 The following are offenses which apply to all City employees and which are grounds for discharge or depending on the facts and circumstances of the particular case, may result in demotion (reduction in grade) suspension or written reprimand.

K. Misconduct: any criminal offense or other conduct including immoral conduct during or off working hours, which could have an adverse effect on the City or on the confidence of the public in the integrity of the City government, or on the relationship of the employee and other employees.